# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW YORK LIFE INSURANCE CO., : | |
|     Plaintiff : | |
| : | No. 1:20-cv-00192 |
| : | |
| v. : | (Judge Kane) |
| : | |
| ALIDA DEL VALLE, A.S., a minor, : | |
| by Gail Guida Souders, Esq., Guardian : | |
| Ad Litem, and R.S., a minor, by Gail : | |
| Guida Souders, Esq., Guardian Ad Litem, : | |
|     Defendants : | |

## MEMORANDUM

Before the Court in the above-captioned case is the parties' Joint Motion for Interpleader Relief. (Doc. No. 9.) For the reasons that follow, the Court will grant the motion.

## I.  BACKGROUND[1]

On February 4, 2020, Plaintiff New York Life Insurance Company ("Plaintiff") filed an Interpleader Complaint to resolve potentially competing claims to a $500,000.00 Death Benefit (the "Death Benefit") as a result of the death of Roberto Sotolongo Prieto (the "Insured"), who applied to Plaintiff for coverage under an individual life insurance policy (the "Life Insurance Application") on or about September 2, 2018. (Doc. No. 1 ¶¶ 7-11.) On the Life Insurance Application, the Insured designated his spouse, Alida Del Valle, as the sole Class 1 beneficiary to the life insurance policy death benefits, and his children, A.S. and R.S., minors, as co-equal Class 2 beneficiaries. (Id. ¶ 8.) Accordingly, Defendants in this case are Alida Del Valle and A.S. and R.S., minors, by Gail Guida Souders, Esq., Guardian Ad Litem.

The terms of the Life Insurance Application provided that the Insured received a Receipt

---

[1] The following facts underlying Plaintiff's claim are taken from Plaintiff's Interpleader Complaint. (Doc. No. 1.)

and Temporary Coverage Agreement ("TCA"), which, under specific conditions, provides a limited amount of temporary life insurance coverage during the pendency of the application review process.  (Id. ¶ 9.)  The Insured died on October 18, 2018, and his death was ruled a homicide.  (Id. ¶ 10.)  Because of the Insured's death, the Death Benefit under the TCA became due to a beneficiary or beneficiaries.  (Id. ¶ 11.)  Plaintiff concedes liability for a Death Benefit in the amount of $500,000.00.  (Id.)  Defendant Del Valle asserted a claim to the Death Benefit by submission of a Death Benefits Proceeds Form dated November 11, 2018.  (Id. ¶ 12.) Plaintiff alleges that law enforcement officials investigating the Insured's death have not ruled Defendant Del Valle out as a suspect in connection with the Insured's death.  (Id. ¶ 13.)

At issue in this action is a determination as to which party or parties are entitled to the Death Benefit.  Despite her status as Class 1 beneficiary, if Defendant Del Valle would be charged and convicted in the death of the Insured, she would be barred from receiving the Death Benefit under Pennsylvania's Slayer Statute.  (Id. ¶¶ 14-15); see also 20 Pa. C.S.A. § 8811(a) ("Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent . . . shall be paid to the estate of the decedent, unless the policy or certificate designates some person not claiming through the slayer as alternative beneficiary to him.").  As noted by Plaintiff, if Defendant Del Valle were disqualified from receiving the Death Benefit under the Pennsylvania Slayer Statute, A.S. and R.S. (the "Minor Children") would be entitled to the Death Benefit as Class 2 beneficiaries pursuant to the terms of the TCA.  (Id. ¶ 15.)  Also as noted by Plaintiff, the Minor Children are in the care of their surviving parent and legal guardian, Defendant Del Valle.  (Id. ¶ 16.) Accordingly, in its Interpleader Complaint, Plaintiff identified a potential conflict that may exist

2

if Defendant Del Valle represented the Minor Children's interests and/or received the Death Benefit on their behalf, in the event she was disqualified from receiving the Death Benefit in her individual capacity.  (Id. ¶ 16.)  Because of that potential conflict, Plaintiff filed a consent Motion to Appoint Attorney Ad Litem on April 22, 2020.  (Doc. No. 6.)  The Court granted the motion and appointed Gail Guida Souders, Esq. as Guardian Ad Litem for the Minor Children in connection with these proceedings.  (Doc. No. 7.)

Plaintiff claims no interest in the Death Benefit, and asserts that it is ready and willing to pay the Death Benefit to the person/persons entitled to it, but under the circumstances, it cannot make a determination as to the proper recipient of the Death Benefit without exposing itself to potential multiple liability as a result of the potentially competing claims available to Defendants.  (Doc. No. 1 ¶ 18.)  Accordingly, Plaintiff's Interpleader Complaint seeks to deposit the Death Benefit, together with accrued claim interest, if any, into the Court's registry, and be discharged from all liability to Defendants.  (Id. ¶ 20.)  On June 5, 2020, Defendant Del Valle filed an Answer to the Interpleader Complaint.  (Doc. No. 10.)  The Court held a case management conference with the parties on June 15, 2020.  (Doc. No. 13.)  Accordingly, the Joint Motion for Interpleader Relief is now ripe for disposition.

## II.     DISCUSSION

Interpleader is an equitable remedy through which a person holding property, or a stakeholder, can "join in a single suit two or more persons asserting claims to that property." See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007) (quoting NYLife Distribs., Inc. v. Adherence Grp., Inc., 72 F.3d 371, 372 n.1 (3d Cir. 1995)).  When a stakeholder admits liability to one of the claimants but seeks to avoid the possibility of multiple liability,

interpleader permits it "to file suit, deposit the property with the [C]ourt, and withdraw from the proceedings."  See Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009) (quoting Price, 501 F.3d at 275).  As a result, "[t]he competing claimants are left to litigate between themselves," and the stakeholder is discharged from any further liability.  See id. (quoting Price, 501 F.3d at 275).

There are two options for a party seeking interpleader relief: (1) the federal interpleader statute, 28 U.S.C. § 1335, and (2) Federal Rule of Civil Procedure 22.  District courts have subject matter jurisdiction under 28 U.S.C. § 1335 if there is minimal diversity between two or more adverse claimants and if the amount in controversy is $500.00 or more.  See 28 U.S.C. § 1335(a).  However, by contrast, "rule interpleader is no more than a procedural device; the plaintiff must plead and prove an independent basis for subject matter jurisdiction."  See Price, 501 F.3d at 275.  Plaintiff does not rely on the interpleader statute, given that the potential adverse claimants seeking the Death Benefit are all citizens of Pennsylvania.  Instead, Plaintiff relies on rule interpleader, and pleads diversity jurisdiction under 28 U.S.C.§ 1332 because Plaintiff is a citizen of New York and Defendants are citizens of Pennsylvania.  (Doc. No. 1 ¶ 5.)  Rule 22 of the Federal Rules of Civil Procedure provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."  See Fed. R. Civ. P. 22(a)(1).

An interpleader action typically proceeds in two stages.  See Hovis, 553 F.3d at 262 (citing NYLife, 72 F.3d at 375).  In the first stage, the Court determines if the interpleader complaint was properly brought and whether the stakeholder should be discharged from further liability to the claimants.  See id.  In the second stage of the proceeding, the Court determines

4

the rights of the claimants to the interpleaded funds.   See id.

The Court turns to an examination of Plaintiff's Interpleader Complaint to determine whether it is properly brought and whether Plaintiff should be discharged from further liability. As the issuer of the TCA under which the Death Benefit is due, Plaintiff constitutes a disinterested stakeholder because it does not dispute that the Death Benefit is payable.   Plaintiff seeks to ensure that the proper party receives the Death Benefit and to protect itself against the risk of future liability.   Because of the possible implications of the Pennsylvania Slayer Statute in the event Defendant Del Valle would be charged and convicted of the Insured's death, it is appropriate for Plaintiff to seek to deposit the Death Benefit with the Court and to interplead potential beneficiaries.   See Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 940 (4th Cir. 1991) ("An insurer faced with potential conflicting claims by a possible slayer and the insured's estate may absolve itself of excess liability by paying the proceeds into the registry of the [C]ourt and filing an action in interpleader to determine the proper recipient."); Prudential Ins. Co. of Am. v. Podnebennyy, No. 4:16-cv-1927, 2017 WL 1021717, at *1 (M.D. Pa. Mar. 16, 2017). Accordingly, the Court finds that Plaintiff's Interpleader Complaint is properly brought and that Plaintiff should be discharged from future liability after payment of the proceeds of the Death Benefit into the Court's Registry.[2]

---

[2] Plaintiff seeks to deposit the Death Benefit into the Court's Registry pursuant to Federal Rule of Civil Procedure 67(a), which provides as follows:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the [C]ourt all or part of the money or thing, whether or not that party claims any of it.   The depositing party must deliver to the clerk a copy of the order permitting deposit.

**III.    CONCLUSION**

For the reasons discussed above, the Court will grant the Joint Motion for Interpleader Relief.[3]  An Order consistent with this Memorandum follows.

---

Fed. R. Civ. P. 67(a).

[3] In its Interpleader Complaint, Plaintiff seeks an award of attorneys' fees and costs in an unspecified sum.  (Doc. No. 1 at 5.)   However, in the Joint Motion for Interpleader Relief, Plaintiff appears to disclaim any interest in an award of fees and costs.  (Doc. No. 9 at 2.)   "A court has the discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability."   Met. Life Ins. Co. v. Kubichek, 83 F. App'x 425, 431 (3d Cir. 2003) (unpublished) (citations omitted).   In the event Plaintiff still intends to seek an award of fees and costs, upon completion of the requirement that it despite the Death Benefit with the Court, the Court will permit Plaintiff to file an application for fees and costs.